IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COURTNEY BARRETT, an adult individual, <br><br> Plaintiff, <br><br> vs. <br><br> NEW AMERICAN ADVENTURES, LLC, a Pennsylvania limited liability company, trading and doing business as URBAN AIR TRAMPOLINE AND ADVENTURE PARK, <br><br> ONE AMERICAN WAY, LLC, a Pennsylvania limited liability company, and <br><br> UATP MANAGEMENT, LLC, a Texas limited liability company, <br><br> Defendants. | Case No. 2:20-cv-1813 <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> **JURY TRIAL DEMANDED** |

# COMPLAINT

AND NOW, comes the Plaintiff, Courtney Barrett, by and through her undersigned counsel, Jonathan A. Orie, Esquire and Trevor R. Fleming, Esquire of the law firm ORIE & ZIVIC, and file the following Complaint, stating in support thereof as follows:

1. Plaintiff Courtney Barret (hereinafter "Plaintiff") is an adult individual residing in Mammoth Lakes, California.

2. Defendant New American Adventures, LLC (hereinafter "Defendant Trampoline Park") is a limited liability company organized and existing under the laws of the

1

Commonwealth of Pennsylvania, trading and doing business as Urban Air Trampoline and Adventure Park, having a principal place of business located at 351 American Way, Cranberry Township, Butler County, Pennsylvania.

3. At all times relevant hereto Defendant Trampoline Park was acting by and through its duly authorized agents and employees acting within the scope of their agency and employment.

4. Defendant One American Way, LLC (hereinafter "Defendant Property Owner") is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania having a registered address located at 351 American Way, Cranberry Township, Butler County, Pennsylvania.

5. At all times relevant hereto Defendant Property Owner was acting by and through its duly authorized agents and employees acting within the scope of their agency and employment.

6. Defendant UATP Management, LLC (hereinafter "Defendant UATP") is a limited liability company organized and existing under the laws of the state of Texas having a registered address located at 317 S Jenkins St., Suite C, Grapevine, Tarrant County, Texas 76051.

7. At all times relevant hereto Defendant UATP was acting by and through its duly authorized agents and employees acting within the scope of their agency and employment.

8. This Honorable Court has jurisdiction over the instant matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and is between citizens of different states.

9. Defendant Property Owner is the owner of a certain piece of real property located at or about 351 American Way, Cranberry, Butler County, Pennsylvania 16066 (hereinafter the "Premises").

10. Upon the Premises, Defendant Trampoline Park operates the Cranberry Township location of Urban Air Trampoline and Adventure Park, an indoor gymnasium and recreational park that features trampolines, obstacle courses, and other physical recreation activities for adults and children.

11. Defendant UATP sells franchises for Urban Air Adventure Park locations all over the country to franchise operators such as Defendant Trampoline Park.

12. Defendant UATP requires that all franchise locations of Urban Air Adventure Park be built according to its specifications and by contractors it has approved.

13. Plaintiff visited the Premises on or about November 23, 2018, for the purpose of using the trampoline park.

14. Plaintiff proceeded through an obstacle course and came to a portion colloquially called the "monkey bars," which is a series of swinging bars suspended by cables above a pit of plastic balls approximately one (1) foot deep.

15. Employees in the area were preoccupied with directing the large number of individuals using the equipment on the Premises, and said employees failed to provide any instructions or warnings to Plaintiff before she commenced using the monkey bars.

16. Plaintiff's feet hung approximately two (2) feet above the surface of the ball pit while she attempted to traverse the monkey bars.

17. Plaintiff lost her grip and fell while negotiating the monkey bars, dropping into the ball pit beneath.

18. The balls of the pit, approximately the size of baseballs and composed of light plastic, were rapidly displaced as she plunged through them and did little to arrest her fall.

19. Plaintiff's feet and body struck the hard surface at the bottom of the ball pit with the full weight of her fall.

20. As a direct and proximate result of the aforementioned fall, Plaintiff sustained injuries, some of which may be of a permanent nature, including but not limited to:

  (a) right Schatzker 6 tibial plateau fracture;
  (b) hematoma of right leg;
  (c) right suprapatellar joint effusion;
  (d) inability to bear weight;
  (e) right knee pain;
  (f) swelling above right knee;
  (g) right leg pain;
  (h) loss of range of motion to right lower extremity;

(i) numbness of right foot;

(j) crepitus of right knee joint;

(k) trendelenberg gait;

(l) antalgic gait;

(m) strength deficits of right leg;

(n) lower extremity fractures;

(o) leg fractures;

(p) tears, strains, and ruptures to ligaments and tendons in the legs;

(q) mobility deficits of right leg; and

(r) pain-limited function of right leg.

## COUNT I – Negligence
### Courtney Barrett v. New American Adventures, LLC t/d/b/a Urban Air Trampoline and Adventure Park

21. The allegations contained in Paragraphs 1 through 20 of this Complaint are incorporated herein by reference as though the same were set forth at length.

22. At all times relevant hereto, Defendant Trampoline Park was in actual, constructive, or joint possession of the Premises.

23. Defendant Trampoline Park owed a duty to business invitees on the Premises generally, and Plaintiff particularly, to maintain the Premises as free from non-obvious hazards, to warn invitees of the existence of non-obvious hazards, and to inspect the Premises for hazardous conditions.

24. Plaintiff's fall of November 23, 2018, and any and all injuries sustained by Plaintiff, are a direct and proximate result of the negligence, carelessness, and reckless of Defendant Trampoline Park, including, but not limited to, the following particulars:

   (a)   failing to inspect the Premises;

   (b)   failing to exercise the due care and caution necessary for Defendant Trampoline Park to have known of the dangerous, hazardous, and non-obvious condition and remedy it;

   (c)   failing to warn Plaintiff of the non-obvious hazard present on the Premises;

   (d)   failing to place signs near the ball pit where Plaintiff was injured warning of the non-obvious hazard that existed therein;

   (e)   failing to instruct its employees and/or contractors to warn business invitees of the non-obvious hazard presented by the ball pit in which Plaintiff was injured;

   (f)   operating a business on the Premises that presented a non-obvious hazard to business invitees without adequate warnings cautioning of the aforesaid hazard's existence;

   (g)   failing to provide Plaintiff with a written waiver with adequate warnings of non-obvious hazards on the Premises, particularly the aforementioned ball pit;

   (h)   failing to warn business invitees, through signage or employee warning, of a safe or correct way to fall from the aforementioned monkey bars to ensure maximal fall protection from the aforementioned ball pit;

   (i)   failing to provide a safe Premises free from non-obvious hazards for business invitees;

   (j)   failing to keep the Premises in a reasonably safe condition;

   (k)   allowing and permitting the hazardous condition which caused Plaintiff to be injured to be and remain upon the aforementioned Premises for an unreasonable length of time prior to the incident complained of;

(l) allowing and permitting the aforementioned Premises to be and remain in such a hazardous condition;

(m) allowing business invitees to enter the Premises and participate in Defendant Trampoline Park's business when Defendant Trampoline Park knew or should have known that said business presented a non-obvious risk of harm to business invitees;

(n) knowing the aforementioned non-obvious hazard existed and failing to take action to ameliorate said condition;

(o) failing to take the reasonable and necessary steps to prevent the happening of the incident complained of;

(p) failing to block access to the aforementioned hazardous ball pit on the Premises until the risk of harm to business invitees could be ameliorated;

(q) failing to instruct its employees and/or contractors to restrict access to the obstacle course in which the ball pit was located based on height or weight factors which could increase the likelihood of injury to certain business invitees, particularly Plaintiff;

(r) failing to regard the rights, safety, and position of Plaintiff in and about the area of the aforementioned incident;

(s) operating an obstacle course on the Premises with inadequate safety features such that business invitees were put at risk of encountering a non-obvious hazard, namely the aforementioned deficient ball pit that caused Plaintiff's injuries;

(t) failing to ascertain, through testing or research prior to the opening of Defendant's business on the Premises, that pits of plastic balls were an inadequate measure for arresting the fall of individuals participating in an obstacle course;

(u) failing to have a soft material below the layers of balls in the ball pit to ensure that invitees were not injured by a hidden, non-obvious hazard;

(v) failing to adjust the height of the aforementioned monkey bars to a safe position that assured a safe fall should a business invitee lose their grip;

7

(w) setting the aforementioned monkey bars at too great a height to allow the aforementioned ball pit to cushion the fall of a fully grown adult;

(x) failing to design a trampoline park that was safe to patrons generally, and Plaintiff particularly;

(y) failing to consult experts in the design of its trampoline parks;

(z) failing to follow the advice of experts in designing its trampoline parks;

(aa) failing to design an adequate system to arrest the fall of patrons from the "monkey bars" portion of the "warrior course;"

(bb) utilizing balls with a propensity to be easily displaced by a falling body rather than some manner of fall arresting technology that would evenly distribute the force of the fall;

(cc) failing to consult with experts in choosing a means of arresting the falls of Plaintiff where "ball pits" were clearly inadequate;

(dd) failing to use the correct amount of depth of balls to arrest the falls of patrons from the "monkey bars;

(ee) failing to properly design the ball pit to have an appropriate fall restraint;

(ff) failing to consult experts to determine if ball pits were equally efficacious in use with bodies of all sizes;

(gg) failing to select an alternative to plastic balls as a means to arrest falls when it was obvious that plastic balls were inadequate and unsafe;

(hh) failing to consult with experts and industry veterans to determine a safer alternative to arrest falls than pits filled with plastic balls;

(ii) failing to consider that pieces of foam may provide a superior ability to arrest falls than plastic balls, due to the effect of friction and the interlocking nature of irregular pieces of foam; and

   (jj) failing to adequately test the performance of plastic ball pits as a means of arresting the falls of adult bodies.

25. As a direct and proximate result of Defendant Trampoline Park's aforementioned negligence and recklessness, Plaintiff suffered damages, some of which may continue for an unknown time into the future, including but not limited to:

   (a) pain and suffering;

   (b) embarrassment, humiliation, and mental anguish;

   (c) loss of an ability to enjoy the pleasures of life;

   (d) disfigurement;

   (e) substantial medical bills;

   (f) increased expenses required for daily living; and

   (g) lost wages and/or a loss of earning capacity.

26. Defendant Trampoline Park's aforementioned actions are outrageous and constitute willful, wanton and reckless conduct undertaken with a reckless disregard for the safety of business invitees generally, and Plaintiff specifically, sufficient to warrant the imposition of punitive damages.

WHEREFORE, the Plaintiff, Courtney Barrett, demands judgment in her favor and against the Defendant, New American Adventures, LLC, trading and doing business as Urban Air Trampoline and Adventure Park, jointly and severally with Defendants One American Way, LLC and Defendant UATP Management, LLC, in an amount in excess of Seventy-Five Thousand XX/100 Dollars ($75,000.00), plus punitive damages, together with costs of suit.

**JURY TRIAL DEMANDED**

## COUNT II – Negligence
### <u>Courtney Barrett v. One American Way, LLC</u>

27. The allegations contained in Paragraphs 1 through 26 of this Complaint are incorporated herein by reference as though the same were set forth at length.

28. At all times relevant hereto, Defendant Property Owner was in actual, constructive, or joint possession of the Premises.

29. Defendant Property owed a duty to business invitees on the Premises generally, and Plaintiff particularly, to maintain the Premises as free from non-obvious hazards, to warn invitees of the existence of non-obvious hazards, and to inspect the Premises for hazardous conditions.

30. Plaintiff's fall of November 23, 2018, and any and all injuries sustained by Plaintiff, are a direct and proximate result of the negligence, carelessness, and reckless of Defendant Property Owner, including, but not limited to, the following particulars:

   (a) failing to warn Plaintiff of the non-obvious hazard present on the Premises;

   (b) allowing and permitting Defendant Trampoline Park to operate a business on the Premises that presented a non-obvious hazard to business invitees without adequate warnings cautioning of the aforesaid hazard's existence;

   (c) allowing business invitees to enter the Premises and participate in Defendant Trampoline Park's business without warning them

      that said business presented a non-obvious risk of harm to business invitees.

(d) failing to place signs near the ball pit where Plaintiff was injured warning of the non-obvious hazard that existed therein;

(e) failing to inspect the Premises;

(f) failing to exercise the due care and caution necessary for Defendant Property Owner to have known of the dangerous, hazardous, and non-obvious condition and remedy it;

(g) allowing Defendant Trampoline Park to operate an obstacle course on the Premises with inadequate safety features such that business invitees were put at risk of encountering a non-obvious hazard, namely the aforementioned deficient ball pit that caused Plaintiff's injuries;

(h) allowing and permitting the aforementioned Premises to be and remain in such a hazardous condition so as to prevent Plaintiff from observing and appreciating the hazard presented;

(i) failing to keep the Premises in a reasonably safe condition;

(j) knowing the aforementioned non-obvious hazard existed and failing to take action to ameliorate said condition;

(k) failing to ameliorate the aforementioned non-obvious hazard by directing Defendant Trampoline Park to remediate said hazard;

(l) failing to instruct Defendant Trampoline Park to block access to the aforementioned hazardous ball pit on the Premises until the risk of harm to business invitees could be ameliorated;

(m) failing to provide a safe Premises free from non-obvious hazards for business invitees;

(n) failing to keep the Premises in a reasonably safe condition;

(o) allowing and permitting the hazardous condition which caused Plaintiff to be injured to be and remain upon the aforementioned Premises for an unreasonable length of time prior to the incident complained of;

(p) failing to take the reasonable and necessary steps to prevent the happening of the incident complained of;

    (q)    failing to inspect the Premises;

    (r)    failing to remedy the defect when it knew or should have known of the presence of the defect;

    (s)    allowing and permitting the aforementioned Premises to be and remain in such a hazardous condition so as to prevent Plaintiff from observing and appreciating the hazard presented; and

    (t)    failing to regard the rights, safety, and position of Plaintiff in and about the area of the aforementioned incident.

31. As a direct and proximate result of Defendant Property Owner's aforementioned negligence and recklessness, Plaintiff suffered damages, some of which may continue for an unknown time into the future, including but not limited to:

pain and suffering;

    (a)    embarrassment, humiliation, and mental anguish;

    (b)    loss of an ability to enjoy the pleasures of life;

    (c)    disfigurement;

    (d)    substantial medical bills;

    (e)    increased expenses required for daily living; and

    (f)    lost wages and/or a loss of earning capacity.

32. Defendant Property Owner's aforementioned actions are outrageous and constitute willful, wanton and reckless conduct undertaken with a reckless disregard for the safety of business invitees generally, and Plaintiff specifically, sufficient to warrant the imposition of punitive damages.

WHEREFORE, the Plaintiff, Courtney Barrett, demands judgment in her favor and against the Defendant, One American Way, LLC, jointly and severally with Defendants New

American Adventures, LLC, trading and doing business as Urban Air Trampoline and Adventure Park, and UATP Management, LLC, in an amount in excess of Seventy-Five Thousand XX/100 Dollars ($75,000.00), plus punitive damages, together with costs of suit.

**JURY TRIAL DEMANDED**

## COUNT III – Negligence
### Courtney Barrett v. UATP Management, LLC

33. The allegations contained in Paragraphs 1 through 32 of this Complaint are incorporated herein by reference as though the same were set forth at length.

34. Defendant UATP is the franchisor of Urban Air Trampoline and Adventure Parks who licenses its intellectual property and park designs to franchisees such as Defendant Trampoline Park.

35. Defendant UATP is responsible for the design of the various activities and courses within each park, including, but not limited to, the ball pits set up to arrest the falls of patrons.

36. Defendant UATP owed a duty to the customers of its franchisees, particularly Plaintiff, to ensure that its trampoline park designs would not cause harm or present hazards to them.

37. Plaintiff's fall of November 23, 2018, and any and all injuries sustained by Plaintiff, are a direct and proximate result of the negligence, carelessness, and reckless of Defendant UATP, including, but not limited to, the following particulars:

(a) failing to design a trampoline park that was safe to patrons generally, and Plaintiff particularly;

(b) failing to consult experts in the design of its trampoline parks;

(c) failing to follow the advice of experts in designing its trampoline parks;

(d) failing to design an adequate system to arrest the fall of patrons from the "monkey bars" portion of the "warrior course;"

(e) utilizing balls with a propensity to be easily displaced by a falling body rather than some manner of fall arresting technology that would evenly distribute the force of the fall;

(f) failing to consult with experts in choosing a means of arresting the falls of Plaintiff where "ball pits" were clearly inadequate;

(g) failing to use the correct amount of depth of balls to arrest the falls of patrons from the "monkey bars;"

(h) failing to consult experts to determine if ball pits were equally efficacious in use with bodies of all sizes;

(i) failing to select an alternative to plastic balls as a means to arrest falls when it was obvious that plastic balls were inadequate and unsafe;

(j) failing to consult with experts and industry veterans to determine a safer alternative to arrest falls than pits filled with plastic balls;

(k) failing to consider that pieces of foam may provide a superior ability to arrest falls than plastic balls, due to the effect of friction and the interlocking nature of irregular pieces of foam;

(l) failing to inform franchisees, particularly Defendant Trampoline Park, of the potential danger presented by plastic balls in pits as a means to arrest falls; and

(m) failing to adequately test the performance of plastic ball pits as a means of arresting the falls of adult bodies.

38. As a direct and proximate result of Defendant UTAP's aforementioned negligence and recklessness, Plaintiff suffered damages, some of which may continue for an unknown time into the future, including but not limited to:

    (a) pain and suffering;

    (b) embarrassment, humiliation, and mental anguish;

    (c) loss of an ability to enjoy the pleasures of life;

    (d) disfigurement;

    (e) substantial medical bills;

    (f) increased expenses required for daily living; and

    (g) lost wages and/or a loss of earning capacity.

39. Defendant UTAP's aforementioned actions are outrageous and constitute willful, wanton and reckless conduct undertaken with a reckless disregard for the safety of business invitees generally, and Plaintiff specifically, sufficient to warrant the imposition of punitive damages.

WHEREFORE, the Plaintiff, Courtney Barrett, demands judgment in her favor and against the Defendant, UATP Management, LLC, jointly and severally with Defendants One American Way, LLC, trading and doing business as Urban Air Trampoline and Adventure Park, and Defendant New American Adventures, LLC in an amount in excess of Seventy-Five Thousand XX/100 Dollars ($75,000.00), plus punitive damages, together with costs of suit.

**JURY TRIAL DEMANDED**

       Respectfully submitted,

       ORIE & ZIVIC

       By: *Jonathan G. Orie* (signature)
       Jonathan A. Orie, Esquire
       PA ID No. 207078
       1901 Law & Finance Building
       429 Fourth Avenue
       Pittsburgh, PA 15219

       Counsel for the Plaintiff:
       Courtney Barrett