IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| COURTNEY BARRETT, AN ADULT INDIVIDUAL;<br><br>  Plaintiff,<br><br>  vs.<br><br>NEW AMERICAN ADVENTURES, LLC, A PENNSYLVANIA LIMITED LIABILITY COMPANY; ONE AMERICAN WAY, LLC, A PENNSYLVANIA LIMITED LIABILITY COMPANY, AND; AND UATP MANAGEMENT, LLC, A TEXAS LIMITED LIABILITY COMPANY;<br><br>  Defendants, | 2:20-CV-01813-CRE |

**MEMORANDUM OPINION**[1]

CYNTHIA REED EDDY, United States Magistrate Judge.

**I.    INTRODUCTION**

This civil action was initiated by Plaintiff alleging one count of negligence against each of the three Defendants arising out of an injury from a fall by Plaintiff at Urban Air Trampoline and Adventure Park on November 23, 2018. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332.

Presently before the Court is Plaintiff's Motion for Partial Summary Judgment (ECF No. 45) and Defendants' Motion for Summary Judgment (ECF No. 47). Both Motions are brought pursuant to Federal Rule of Civil Procedure 56. The Motions are fully briefed and ripe for disposition.

---

[1] All parties have consented to jurisdiction before a United States Magistrate Judge; therefore, the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq*.

For the reasons that follow, Defendants' Motion for Summary Judgment (ECF No. 47) is granted and Plaintiff's Motion for Partial Summary Judgment (ECF No. 45) is denied as moot.

## II.     STANDARD OF REVIEW

### a.     Federal Rule of Civil Procedure 56

The standard for assessing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure is well-settled. A court should grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Furthermore, "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 250.

On a motion for summary judgment, the facts and the inferences to be drawn therefrom should be viewed in the light most favorable to the non-moving party. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Hudson v. Proctor & Gamble Paper Prod. Corp.*, 568 F.3d 100, 104 (3d Cir. 2009) (citations omitted).  When reviewing cross-motions for summary judgment, the court is to view the evidence in the light most favorable to the non-moving party with respect to each motion.  F.R.C.P. 56.  It is not the court's role to weigh the disputed evidence and decide which is more probative, or to make credibility determinations. *See Anderson*, 477 U.S. at 255; *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004); *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998).  "Only disputes over facts that

might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S at 247-48.  An issue is "genuine" if a reasonable jury could possibly hold in the nonmovant's favor with respect to that issue. *Id*.  "Where the record taken as a whole could not lead a reasonable trier of fact to find for the nonmoving party, there is no 'genuine issue for trial'." *Matsushita*, 475 U.S. at 587; *Huston*, 568 F.3d at 104.

A plaintiff may not, however, rely solely on his complaint to defeat a summary judgment motion. *See, e.g., Anderson*, 477 U.S. at 256 ("Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."). Allegations made without any evidentiary support may be disregarded.  *Jones v. UPS*, 214 F.3d 402, 407 (3d Cir. 2000).

### III.  BACKGROUND[2]

This is a personal injury case brought by Plaintiff for injuries she received on November 23, 2018, while participating on an obstacle course called the Warrior Course at Urban Air Trampoline and Adventure Park in Cranberry Township, Pennsylvania ("Urban Air"). Urban Air is a franchise trampoline and adventure park owned and operated by Defendant New American Adventures, LLC ("NAA").  Defendant NAA is the franchisee and Defendant UATP Management Inc. ("UATP") is the franchisor.  Defendant NAA leases the premises from Defendant One American Way, LLC ("One American") which was a landlord out of possession of the premises at the time of the incident.

---

[2] There are cross motions for summary judgment pending.  (ECF Nos. 45 and 47).  As set forth above, when reviewing cross-motions for summary judgment, the court is to view the evidence in the light most favorable to the non-moving party with respect to each motion.  F.R.C.P. 56.  In this case, the Court finds Defendants' Motion to be dispositive of the issues in this case.  Therefore, the facts will be viewed in the light most favorable to Plaintiff.  The background facts are taken from the admitted undisputed facts.

At the time of the incident, Plaintiff was 34 years old and a resident of Mammoth Lakes, California with her partner, Christopher Hodges, and their two children. Plaintiff was an accomplished athlete in high school in track and field performing the long jump, triple jump, and 100 and 200 meter sprint races. She was also a cheerleader. She attended a dance and gymnastics school and was heavily involved in dance gymnastics, cheering, and fitness. Following high school, Plaintiff participated in competitive cheerleading for the Pittsburgh Storm for two years. She also competed in the Arnold Schwarzenegger Fitness Expo in Columbus, Ohio where she won third place. Additionally, Plaintiff has skied since the age of four locally at Seven Springs Mountain Resort and Hidden Valley Resort and continued to do so in California, including working at the Mammoth Ski Resort. Prior to attending Urban Air, Plaintiff had been to other trampoline and amusement parks with Mr. Hodges and their children.

Plaintiff was visiting her parents for the Thanksgiving Holiday and went to Urban Air with Mr. Hodges, their two children, her sister Alexandra Barrett, and her parents on November 23, 2018. Plaintiff testified that she understood the concept if a person is engaged in a warrior course like adventure where you are hanging, a person can fall wrong and injure themself. She further understood that it was possible that she might injure herself, including breaking a bone, when participating in activities at an adventure park. Plaintiff would rate her skill level as medium to high given her experience as a former athlete, gymnast, and track and field athlete. Before she decided to participate in the Warrior Course, she had in mind that she had enough skill and experience to complete the course.

Upon approaching the Warrior Course, Plaintiff went to the expert lane with two blue grip hang boards which had a gap in between when the incident occurred. According to Plaintiff, you had to shimmy your way hanging on to the end of the plank and propel your body to grab the

next one. She acknowledged there were balls in the ball pit. Plaintiff knew when she started the Warrior Course that there was a possibility she would not finish and that she could slip and not catch the second plank and that if she missed, she would fall into the area below. As Plaintiff went to swing from the first board to the second board, she either slipped off (one or both hands) or she remembered thinking "oh, I'm just going to fall into the ball pit below." Plaintiff went through the balls and landed on the surface below injuring her knee.

On November 20, 2020, Plaintiff filed a Complaint in this Court based on diversity. (ECF No. 1). Thereafter Plaintiff filed an Amended Complaint. (ECF No. 11). Count I of the Amended Complaint is a claim of negligence against Defendant NAA. *Id.* Count II asserts a claim of negligence against Defendant One American. *Id.* Count III is a claim of negligence against Defendant UATP. *Id.*

### IV. DISCUSSION

#### A. Defendants' Motion for Summary Judgment (ECF No. 47)

Defendants seek summary judgment on three grounds: 1) Plaintiff's claims of negligence for injury she suffered falling off the Warrior Course attraction at Urban Air are barred by the "no-duty" rule; 2) Defendant One American was a landlord out of possession of the premises; and 3) The record is devoid of facts establishing Defendants' conduct was reckless such that Plaintiff is not entitled to punitive damages. (ECF No. 47). As a preliminary matter regarding to the second ground, Defendants submit that American Way owes no duty to Plaintiff as a landlord out of possession of the premises. (ECF No. 49, pp. 14-17). Thus, Defendants contend that summary judgment as to Count II is warranted. *Id.* In Response, Plaintiff "acknowledges that there is insufficient evidence to establish liability on the part of Defendant One American and that summary judgment is appropriate." (ECF No. 55, p. 2). Plaintiff further admits that

Defendant One American is not liable as a matter of law. (ECF No. 57, p. 12, ¶76). Based on the same, the Court finds summary judgment as to Defendant One American is warranted. Accordingly, Defendants' Motion for Summary Judgment (ECF No. 47) is granted as to Defendant One American and Count II is dismissed with prejudice.

The Court now turns to Defendants' main argument that Plaintiff's claims of negligence are barred by the "no-duty" rule. (ECF No. 49). To bring a claim of negligence under Pennsylvania law, a plaintiff must show that: (1) the defendant had a duty or obligation recognized by law; (2) the defendant breached that duty; (3) a connection exists between the breach and the duty; and (4) the breach created actual loss or damage. *Krentz v. Consol. Rail Corp.*, 910 A.2d 20, 27–28 (Pa. 2006). Defendants assert that Plaintiff cannot show the first element – a legal duty recognized by law. (ECF No. 49). Specifically, Defendants submit that they had no duty to protect Plaintiff from the inherent risk of falling from the Warrior Course and, thus, summary judgment is warranted. (ECF No. 49).

The "no-duty" rule provides that "an owner or operator of a place of amusement has no duty to protect the user from any hazards inherent in the activity. *Chepkevich v. Hidden Valley Resort, L.P.,* 2 A.3d 1174, 1186 (Pa. 2010)*,* citing Restatement (Second) of Torts §496A, CMTT c, 2 (where plaintiff has entered voluntarily into some relation with defendant which he knows to involve the risk, he is regarded as tacitly or impliedly agreeing to relieve defendant of responsibility, and to take his own chances); *Hughes v. Seven Springs Farm, Inc.,* 762 A.2d 339, 343-44 (citing *Jones v. Three Rivers Mgmt. Corp.,* 394 A.2d 546 (Pa. 1978). "Where there is no duty, there can be no negligence, and thus when inherent risks are involved, negligence principles are irrelevant…and there can be no recovery based on allegations of negligence. *Chepkevich.* 2 A.3d at 1186, citing *Althaus ex rel. Althaus v. Cohen,* 756 A.2d 1166 (Pa. 2000).

Pennsylvania applies the "no-duty" rule to sports, recreation, and places of amusement. *Chepkevich,* 2 A.3d at 1186.

To that end, the severity of the injury, whether minor or extreme, has no bearing on whether the "no-duty" rule applies. *Richmond v. Wild River Waterpark, Inc.,* No. 1972 MDA 2013, 2014 WL 10789957, at *1 (Pa. Super. Ct. Oct. 6, 2014). Rather, there is a two-part inquiry to determine if the "no-duty" rule applies:

1) whether the user was engaged in the amusement activity at the time of the injury; and

2) whether the injury arose out of a risk inherent in the amusement activity.

*Chepkevich,* 2 A.3d at 1186. When both questions are answered in the affirmative, summary judgment is warranted. *Id.* "If those risks are not inherent, traditional principles of negligence apply and [the Court] must determine what duty," if any, a defendant owes to a plaintiff, whether the defendant breached that duty, and whether the breach caused the plaintiff's injuries. *Quan Vu v. Ski Liberty Operating Corp.,* 295 F.Supp.3d 503, 507 (M.D. Pa. 2018), aff'd sub nom. *Vu v. Ski Liberty Operating Corp.,* 763 F.App'x 178 (3d Cir. 2019).

Here, there is no question that at the time of the injury Plaintiff was engaged in the Warrior Course attraction at Urban Air. (ECF No. 45-2, p. 48). Specifically, Plaintiff testified that she was on the Warrior Course and in the process of swinging from the first plank or board to the second one when she slipped off and fell into the ball pit below injuring her knee. (ECF No. 45-2, p. 57). Therefore, the first question is answered in the affirmative.

As to the second inquiry, the key question here is whether Plaintiff's injury arose out of a risk inherent of the Warrior Course. A risk that is "common, frequent, and expected" is an inherent risk. *Chepkevich,* 2 A.3d at 1187. Though a plaintiff's subjective awareness of a specific inherent risk is not required, *Quan Vu,* 295 F.Supp.3d at 509, in this case, Plaintiff's own

7

testimony is telling. She testified that (based on her experiences involving other sports and recreational activities, as well as her participation in other adventure parks) she knew there was a possibility that while on the Warrior Course she could slip, lose her grip, and/or not catch the second plank. (ECF No. 45-2, p. 67). She also testified that she understood that if that happened, she would fall to the area below that contained the balls and could be injured. *Id.* at 67-68.

Additionally, Plaintiff's expert stated that "[i]t is not unreasonable to expect that users will lose their grip and either unintentionally or intentionally fall." (ECF No. 48-10, p. 12). He further stated that a fall from the Warrior Course "would not be unexpected." *Id.* at p. 13. In fact, Plaintiff acknowledges that participating in an obstacle course like the Warrior Course presents inherent risk of injury from a fall. (ECF No. 56, p. 9, 14-16). Courts should adopt "'a practical and logical interpretation of what risks are inherent to the sport….'" *Vu,* 763 F.App'x at 181, quoting, *Chepkevich.,* 2 A.3d at 1187-88. Applying the same, the Court finds that falling from the planks or boards on the Warrior Course into the ball pit below and any subsequent injury arising therefrom is an obvious danger when engaging in the Warrior Course attraction and is an inherent risk.

Plaintiff submits, however, that "[f]alling into a shallow pit filled with plastic balls is not an 'inherent' risk" suggesting that it is not necessary to the fundamental nature of participating in the Warrior Course. *Id.* at 14. This Court is unpersuaded by the framing of the issue in this manner. Pennsylvania courts "'have rejected attempts by plaintiffs to define the injury producing risks in a very specific and narrow manner.'" *Quan Vu*, 295 F.Supp.3d at 508, quoting *Cole v. Camelback Mountain Ski Resort,* No. 16-cv-1959, 2017 WL 4621786 (M.D. Pa. Oct. 16, 2017). Instead, they look to the "'general risk' that gave rise to the accident." *Id.* citing

*Chepkevich,* 2 A.3d at 1186.

Moreover, in support of her position, Plaintiff sting cites cases where certain risks were held not to be inherent to a particular activity. *Id.* at p. 15, citing *Telega v. Security Bureau, Inc.,* 719 A.2d 372 (Pa. Super. Ct. 1998)(involved a spectator who caught a football and was subsequently attacked by fans); *Jones v. Three Rivers Management Corp.,* 394 A.2d 546 (Pa. 1978)(spectator of baseball game hit by a batted ball in an interior walkway); *Sheerer v. W.G. Wade Shows, Inc.,* No. 11-cv-1496, 2012 WL 5905039 (M.D. Pa. Nov. 26, 2012)(a child's arm injured when it was caught between the cart he was in and the wall inside the trailer that housed the ride); *Perez v. Great Wolf Lodge*, 200 F.Supp.3d 471 (M.D. Pa. 2016)(weight limit of participants on a waterslide attraction exceeded weight limitation and subsequently one participant was somehow separated from the tube resulting in injuries). These cases, however, just as with cases that have held certain risks are inherent to a particular activity,[3] turn on the relevant facts and the activity in question in determining if a risk is inherent. None, however, involves a Warrior Course type of attraction. Thus, the Court turns to the facts and activity in this case.

As discussed herein above, there is no doubt that the risk of injury from falling into the ball pit while participating in the Warrior Course is "a common, frequent, and expected" part of engaging in this activity. It is part and parcel to the attraction. As Plaintiff admits, "[t]here can be little doubt that participating in an obstacle court contains a risk of injury, particularly from a fall." (ECF No. 56*,* at p. 16). In fact, a fall into the ball pit from this type of obstacle course is more likely than not. (ECF No. 48-10, p. 13). It is a quintessential risk of the Warrior Course. To that end, the Court finds the risk of falling from the planks is an "inherent" risk and a

---

[3] *See, e.g. Quan Vu, supra* (collecting cases holding certain risks are inherent to a particular activity).

subsequent injury cannot be removed from the Warrior Course without altering the fundamental nature of the activity.  As set forth above, if the risk is inherent, an owner or operator has no duty to protect the user from it and the user cannot recover for any alleged negligence on the part of the owner/operator.  *See*, *Quan Vu,* 295 F.Supp.3d at 507-09; *Chepkevich.* 2 A.3d at 1186.  Accordingly, the "no-duty" rule applies here.

In opposition, however, Plaintiff also contends that the "no-duty" rule does not apply here because there is evidence that Defendants deviated "from established custom" by failing to meet industry standards. (ECF No.  56, p. 8-14). To that end, Plaintiff points to her experts who opine that the Warrior Course fails to meet industry standards and that "Defendant NAA failed to properly maintain and operate the Warrior Course within the standards set forth in the operations manual for the Warrior Course." (ECF No.  56, pp. 10-14).  For example, Plaintiff suggests that Defendants should have used foam instead of plastic balls to minimize the risk and/or to ensure the balls in the pit were always level and that Defendants should have advised her not to land with a straight leg.  These arguments go to negligence principles, not as to salient question of whether the risk was inherent.  The question of inherent risk must be determined first.  *See, Quan Vu, supra; Jones, supra; Telega, supra.*  "[W]hen inherent risks are involved, negligence principles are irrelevant," the inquiry is over, and summary judgment is proper. *Quan Vu,* 295 F.Supp.3d at 509.  Therefore, Plaintiff's arguments in this regard, and the evidence submitted to support them, fail to raise a genuine issue of material fact.  Thus, the Court finds summary judgment in favor of Defendants is warranted.

Consequently, Defendant's Motion for Summary Judgment (ECF No.  47) is granted.[4]

---

[4] As an alternative type of argument, Defendants argue that the record is devoid of facts establishing Defendants' conduct was reckless such that Plaintiff is not entitled to punitive damages.   (ECF No. 47).  Since this Court has found summary judgment is proper as to Plaintiff's negligence claims, the issue is moot and the Court makes no comment on the same.

B.     **Plaintiff's Motion for Partial Summary Judgment (ECF No. 45)**

Plaintiff maintains that summary judgment is warranted as to Defendants' affirmative defense of release, consent, and/or waiver.  (ECF No. 45).  To that end, Plaintiff contends that she did not sign the release and waiver agreement and she did not give authority to anyone to sign a waiver and release on her behalf.  (ECF No. 46).  Specifically, Plaintiff submits that there is no genuine issue of material fact that Plaintiff did not sign the waiver, that Mr. Hodges did not have authority (express or implied) to sign the waiver on her behalf, that there is no evidence of apparent authority, and there is no evidence of authority by estoppel.  (ECF No. 46).  Thus, Plaintiff seeks a partial summary judgment as to the defense of release, consent, and/or waiver. (ECF No. 45).  Since the Court has granted summary judgment in favor of Defendants as to all of Plaintiff's claims, Plaintiff's Motion for Partial Summary Judgment (ECF No. 45) is denied as moot.

V.     **CONCLUSION**

The Court is not unsympathetic to Plaintiff's injury, but the extent of her injury is of no moment when considering the issue of whether the "no-duty" rule applies.  Based on the foregoing, Defendants' Motion for Summary Judgment (ECF No. 47) is granted and Plaintiff's Motion for Partial Summary Judgment (ECF No. 45) is denied as moot.

An appropriate Order follows.

DATED this 30th day of June, 2023.

BY THE COURT:

s/Cynthia Reed Eddy
United States Magistrate Judge

cc:     all counsel of record *via CM/ECF electronic filing*